IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD D. SISTI and HOLLY A. SISTI, as guardians of S.J., a Minor,<br><br>*Plaintiffs,*<br><br>v.<br><br>NORFOLK SOUTHERN RAILROAD CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, and AKIM JONES-WILLIAMS,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 23-3052 |

**PAPPERT, J.**                                                                                    **October 26, 2023**

## MEMORANDUM

Ronald and Holly Sisti, as guardians of S.J., sued Norfolk Southern Railroad Corporation, its subsidiary Norfolk Southern Railway Company (collectively "Norfolk Southern") and Akim Jones-Williams following a collision that occurred at a railroad crossing. Norfolk Southern moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for transfer to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404. The Court will not dismiss the Complaint but will transfer venue to the Middle District of Pennsylvania.

I

In July 2014, Jones-Williams was driving in York County, Pennsylvania with S.J, a two-year old at the time, in the back seat. (Compl. ¶ 16, ECF 1–1). Jones-Williams attempted to drive across a highway-rail grade crossing when his car was

1

struck by a train owned and operated by Norfolk Southern. (*Id.* at ¶¶ 8,19, 25). Norfolk Southern also owns the rail tracks and right of way over the crossing. (*Id.* at ¶ 20).

On behalf of S.J., the Sistis sued Norfolk Southern and Jones-Williams in the Philadelphia County Court of Common Pleas, asserting various counts of negligence. *See generally* (*Id.* at ¶¶ 46–114). The Sistis allege the crash caused S.J. to suffer serious and permanent injuries. (*Id.* at ¶¶ 105–114). Norfolk Southern timely removed to this Court on diversity grounds (Notice of Removal, ECF 1).

## II

A district court "may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district where it might have been brought." *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) (citing 28 U.S.C. § 1404(a)). The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)). District courts are vested with "broad discretion" when determining whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

"In ruling on a motion to transfer, the Court should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Weber*, 155 F. Supp. 2d at 284 (quoting *Jumara*, 55 F.3d at 879 (internal citations omitted)). The Court must first determine "whether venue would be proper in the transferee district."

*Id.* If this first prong is satisfied, "the court then should determine whether a transfer would be in the interests of justice." *Id.* (citing *Jumara*, 55 F.3d at 879). The burden of establishing that transfer is appropriate rests with the moving party. See *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Although the Norfolk Southern Defendants bear that burden here, they are "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Connors v. R & S Parts & Servs.*, Inc., 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)) (alterations in original).

### III

Under 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The accident occurred in York County, Pennsylvania, which is in the Middle District, so venue is proper there. For that same reason, the Middle District would also have personal jurisdiction over Defendants. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (the accident creates "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice").

### IV

The Court must next consider whether a transfer would be in the interests of justice. *See* 28 U.S.C. § 1404(a). "Courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses,

3

or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors.'" *Jumara*, 55 F.3d at 879 (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3847 (4th ed. 2013)). The Third Circuit Court of Appeals considers both public and private interests when deciding whether transfer is appropriate. *Id*. The private interests to assess are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *Id*.

The public interests to consider are: (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the congestion of the court's docket; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any applicable state law. *Id*. The Court must assess all of these factors to "determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id*. (citing 15 Wright & Miller, *Federal Practice and Procedure* § 3847).

A

In considering the relevant private interests, "[the plaintiff's] choice of forum is [generally] entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.

1970)). But "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum" or "when the plaintiff's choice of forum is not the plaintiff's residence." *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988). The defendant's forum preference, meanwhile, is usually "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Family Fin. Ctrs. LLC v. Cox*, No. 14-5330, 2015 WL 790038, at *4 (E.D. Pa. Feb. 25, 2015) (quoting *EVCO Tech. Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)).

Although the Sistis did not choose to be in federal court in the Eastern District, they did choose this forum by filing their lawsuit in the Philadelphia County Court of Common Pleas. *See Battle v. Wal-Mart Stores, Inc.*, No. 19-cv-0945, 2019 WL 5290540, at *2 (E.D. Pa. Oct. 17, 2019) (considering the Eastern District of Pennsylvania the plaintiff's chosen forum in action removed from Philadelphia County Court of Common Pleas). But none of the "conduct complained of" occurred here and the Sistis live in Camp Hill, Pennsylvania which is in the Middle District. *See* (Compl.). Norfolk Southern's request to transfer this case does not shift inconvenience to the Sistis because they do not reside in the Eastern District. And because the Sistis' choice is given less weight than is typical, these factors negate each other.

The Court next considers where the claims arose. *See Jumara*, 55 F.3d at 879. "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No 07-0273, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007). And

5

"[w]hen the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Leatherman v. Cabot Oil & Gas Corp.*, No. 12-cv-3783, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013) (quoting *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009)). Although Norfolk Southern has an office in Philadelphia, the accident giving rise to S.J.'s claims occurred in the Middle District. This factor militates in favor of transfer.

*Jumara* next instructs the Court to evaluate the "convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Norfolk Southern's Pennsylvania headquarters is in Philadelphia, and Jones-Williams lives in Camden County, New Jersey, which is closer to the Eastern District than the Middle District. (Compl. ¶¶ 2–4). However, the Sistis live in the Middle District. And Norfolk Southern argues that venue in the Middle District is more convenient financially because it provides easier access to evidence and witnesses. (Mem. in Support of Mot. to Transf. p. 2, ECF 3–1.). On balance, this factor is neutral.

The final two private interests to consider are the availability of witnesses and evidence—but only to the extent they will not be available in either forum. Although the Court recognizes the additional burden that traveling to the Eastern District may have on Middle District-based witnesses, this factor does not, as a matter of law, weigh in favor of transfer because the witnesses would be available in the Eastern District. *See* Fed. R. Civ. P. 45(c)(1)(B) (subpoena may command person to attend trial in home state if attendance would not cause "substantial expense"); *See also* (Mem. in Supp. of Mot. to Trans. p. 2; Dalton Decl., ECF 3–4) (identifying potential witnesses who live and work within the Middle District of Pennsylvania).

Given all of the above, the private interests weigh in favor of transfer to the Middle District.

B

Turning to the public factors, the first and third, the enforceability of a judgment and the trial judge's familiarity with state law, are neutral because a judgment in the Eastern District is equally enforceable in the Middle District and judges in each district are familiar with Pennsylvania law. The second factor, congestion of the courts' dockets, weighs against transfer, as the Middle District's docket is busier per judge than the Eastern District's. *See Federal Court Management Statistics: U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2023), available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-1 (reporting that, over a 12-month period, the Middle District averaged 618 cases per judge and the Eastern District averaged 371 cases per judge).

Conversely, the local forum's interest in deciding the case, the fourth factor, weighs in favor of transfer. Citizens and courts in the Middle District have an interest in resolving disputes that arose there. The Eastern District's interest—Norfolk Southern's place of business here—is tenuous. *See Cable v. Allied Inc.*, 2012 WL 1671350, at *5 (E.D. Pa. May 11, 2012) ("The Middle District of Pennsylvania has substantially more interest in this case than does this Court. Plaintiffs . . . suffered all of their injuries there."). Plus, local judges and juries would have greater familiarity with the railroad-highway grade crossing and other facts that may bear on the outcome of the case.

As to the fifth factor, considerations that would make trial easy, expeditious or inexpensive, the federal courthouse in Harrisburg is more accessible and convenient for witnesses and would reduce expenses associated with litigation. The accident and the majority of S.J.'s medical care occurred in the Middle District (Dalton Decl., pp. 3-4). The public factors weigh in favor of transfer.

V

The Sistis' preference to litigate this case in the Eastern District and the congestion of the districts' respective dockets weigh against transfer, but several factors weigh in its favor: (1) the accident occurred in the Middle District; (2) Defendants prefer to litigate in the Middle District; (3) practical considerations, like the location of most potential witnesses and evidence, would make trial in the Middle District more efficient; and (4) the Middle District has the stronger local interest in the outcome of the case. Plus, the Sistis' choice of forum "merits less deference" because "none of the conduct complained of" occurred in the Eastern District and they do not live here. *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988). Accordingly, the moving Defendants have met their burden of showing that, "all relevant things considered, the case would be better off transferred to [the Middle District]." *Connors*, 248 F. Supp. 2d at 396.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
